(No. 46917.—

THE PEOPLE *ex rel.* ROBERT K. DOWNS *et al.*, Appel— lees, v. DONALD ADAMS *et al.*, Appellants.

*Announced Sept. 5, 1974.—Opinion filed Nov. 18, 1974.*

Franklin J. Lunding, Jr., of Chicago, *pro se,* appellant.

Michael E. Lavelle, of Chicago, *pro se,* appellant.

Michael Levinson, of Chicago, for other appellants.

Thomas R. Meites and Edwin R. McCullough, both of Chicago, and Thomas Londrigan, of Springfield, for appellee Robert K. Downs.

Michael J. Goldstein, of Chicago, for appellee Ronald A. Stearney.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the construction of article 4A of the Governmental Ethics Act. (Ill. Rev. Stat. 1973, ch. 127, pars. 604A—101 through 604A—107.) The controversy arose when the defendants, who constitute the State Board of Elections, refused to certify the plaintiff, Robert K. Downs, and the intervening plaintiff, Ronald A. Stearney, as the duly nominated candidates of their respective parties for the office of Representative in the General Assembly at the November 1974 election. Each of the plaintiffs had filed a statement of economic interest at the time his nomination papers were filed in December of 1973 for the March 19, 1974, primary election. Each was nominated at that election, but because they did not thereafter file another statement of economic interest on or before April 30, 1974, the Board refused to certify their names for inclusion on the ballot at the November election. Apparently the Board's interpretation of the statute would also have had the effect of barring from the ballot the names of several hundred nonincumbent nominees for various State and local government offices.

The circuit court granted the plaintiffs' petition for a writ of *mandamus* to compel the Board to certify them. The Board appealed, and the case was brought to this court under Rule 302(b). An expedited briefing schedule

was fixed, the case was taken on briefs without oral argument, and the judgment was affirmed on September 5, 1974. This opinion states the reasons for that decision.

Article 4A of the Act is concerned with the filing of "Statements of Economic Interests" by the following classes of persons enumerated in section 4A—101:

> "(a) Members of the General Assembly and candidates for nomination or election to the General Assembly;
>
> (b) Persons holding an elected office in the Executive Branch of this State or on the Board of Trustees of the University of Illinois, and candidates for nomination or election to these offices;
>
> (c) Members of a Commission or Board created by the Illinois Constitution, and candidates for nomination or election to such Commission or Board;
>
> (d) Persons whose appointment to office is subject to confirmation by the Senate;
>
> (e) Holders of, and candidates for nomination or election to, the office of judge or associate judge of the Circuit Court and the office of judge of the Appellate or Supreme Court;
>
> (f) Persons *** who are compensated for services to the State as employees *** at the rate of $20,000 per year or more ***;
>
> (g) Persons who are elected to an office in a school district or in a unit of local government as defined by the Illinois Constitution, and candidates for nomination or election to such office;
>
> (h) Persons appointed to the governing board of a school district or of a special district and persons appointed to a zoning board, or zoning board of appeals, or to a regional, county or municipal plan commission;
>
> (i) Persons who are employed by a school district or by any unit of local government as defined by the Illinois Constitution, and are compensated for services as employees *** at the rate of $20,000 or more ***." Ill. Rev. Stat. 1973, ch. 127, par. 604A—101.

Section 4A—102 describes the kinds of interests that are required to be listed in statements of economic interest. The two following descriptions are pertinent to the issue in this case:

"(b)(2) Except for professional service entities, the name of any entity and any position held therein from which income of in excess of $1,200 was derived during the preceding calendar year, if the entity does business in the State of Illinois.\*\*\*

(c)(2) Except for professional service entities, the name of any entity and any position held therein from which income in excess of $1,200 was derived during the preceding calendar year if the entity does business with the unit of local government in relation to which the person is required to filed. \*\*\*" Ill. Rev. Stat. 1973, ch. 127, par. 604A—102.

In the actual forms provided for disclosure of economic interests prescribed by sections 4A—103 and 4A—104, the blank for the name of the person making the statement is immediately followed by a blank for "office or position of employment for which this statement is filed." Ill. Rev. Stat. 1973, ch. 127, pars. 604A—103, 604A—104.

Section 4A—105 of the Act specifies the time when statements of economic interests are required to be filed by persons holding public office, by candidates for elective office, by persons whose appointment to office is subject to confirmation by the Senate, by persons appointed to governing boards of school districts, zoning boards and boards of appeals and plan commissions, as well as by public employees whose rate of compensation requires the filing of statements. It provides:

"Every person required to file by Section 4A—101 shall file an initial statement of economic interests by July 1, 1972 but no person is required to file under this Article before July 1, 1972.

On April 30 of each year after 1972 a statement must be filed by each person whose position at that time subjects him to the filing requirements of Section 4A—101 unless he has already filed a statement in relation to the same unit of government in that calendar year.

After July 1, 1972 statements must also be filed as follows:

(a) A candidate for elective office shall file his statement not later than the end of the period during

which he can take the action necessary under the laws of this State to attempt to qualify for nomination, election, or retention to such office if he has not filed a statement in relation to the same unit of government within a year preceding such action.

(b) A person whose appointment to office is subject to confirmation by the Senate shall file his statement at the time his name is submitted to the Senate for confirmation.

(c) Any other person required by this Article to file the statement shall file a statement at the time of his initial appointment or employment in relation to that unit of government." Ill. Rev. Stat. 1973, ch. 127, par. 604A–105.

The State Board of Elections reached the conclusion that it did by concentrating its attention solely upon the following sentence of section 4A–105: "On April 30 of each year after 1972 a statement must be filed by each person whose position at that time subjects him to the filing requirements of Section 4A–101 unless he has already filed a statement in relation to the same unit of government in that calendar year." In the Board's brief in this court the other sentences which govern filings by candidates for elective office and other persons are not mentioned. They are represented by asterisks. Looking only at the sentence applicable to persons holding positions and disregarding the remainder of the Act, the Board concluded that one who has been nominated for an elective office occupies a "position," and so must file a statement of economic interest by April 30 of each year.

Article 1 of the Act contains 14 sections defining words and phrases used in the Act, but the meaning which the Board attributed to the word "position" is not there suggested. That meaning is certainly not the normal meaning of the word "position" in the context of this statute. The word "position" was used, as the Act plainly shows, to mean just what it would ordinarily mean in this context—a job; e.g., section 4A–103 ("office or position of employment"; "Position Held") and section 4A–104

("office or position of employment"; "Position of Management"). Three main classes of persons are enumerated in section 4A—101: (1) candidates, (2) elected and appointed officeholders, and (3) State employees earning over $20,000 per year. We believe that the word "position" was used to make clear that this last group of persons, employees, was required to file annual statements just as were those elected or appointed to an "office."

As has been indicated, the first item in the prescribed form of a statement of economic interests is the name of the person making the statement and the second is "office or position of employment for which this statement is filed." A candidate for elective office holds neither an office nor a position. Moreover, the sanctions applicable to a failure to file a required statement of economic interest are provided in section 4A—107: "Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment, as the case may be."

In our opinion, the plain meaning of the Act is that the April 30 filing date applies to those persons who hold offices or positions of employment which fall within the statute on that date. The only requirement applicable to a candidate for elective office, however, is that he must file his statement "before or at the time he takes the action necessary under the laws of this State to attempt to qualify for nomination, election, or retention to such office ***." (Sec. 4A—105(a).) After the plaintiffs in this case had been nominated at the primary, there was no further action necessary to be taken by them to qualify for election.

For the reasons stated, the judgment of the circuit court was affirmed.

*Judgment affirmed.*